L. WAY *vs.* CHAS. T. GULICK, Minister of Interior.

APPEAL FROM DECISION OF AUSTIN, J., SUSTAINING DEMURRER.

. SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J., McCULLY AND AUSTIN, JJ.

By Section 191 of the Civil Code it is provided that "The Minister of
" the Interior shall have the general charge of the pipes or con-
" duits of water to supply the town and harbor of Honolulu. He
" may from time to time regulate the rates of supply to ships, and
" to parties on shore, and establish all such rules as may be need-
" ful for the public interests."

Held, affirming the decision of Austin, J., that the supplying or with-
holding water for public and private use rests in the discretion of
the Minister: and in the exercise of that discretion he is not liable,
at the suit of a private citizen, for damage caused by insufficient
water supply at a fire.

OPINION OF AUSTIN, J., APPEALED FROM.

The defendant demurs to the plaintiff's complaint as containing
no cause of action.

The complaint alleges that the plaintiff sustained $6,000 dam-
ages from a fire which destroyed his buildings, and which dam-
ages were caused by the failure and neglect of the predecessor in
office of the defendant to provide a supply of water in the water
pipes of the Water Works of Honolulu in the vicinity of the fire
at the time it occurred.

The complaint alleges that it was the duty of the Minister of
the Interior to furnish such supply of water at the time of the fire.

The action in this case is substantially for the purpose of trying
to hold the Government liable for the damages claimed, and is
brought by permission accorded under Section 829 of the Civil
Code. Doubtless, as has occurred in this case, the Government in
the exercise of a wise and liberal discretion ought always to grant
a right of action to any resident of the country conceiving himself
aggrieved, but the recovery in any such case must be governed by
legal rules.

There are no municipalities in this country, but the duties and responsibilities which are assumed by and imposed upon the Minister of the Interior, relative to the internal affairs of the country, are similar to those which pertain to municipalities in other countries.

The strongest position that the plaintiff can take in favor of his recovery is to claim that there is an analogy between the duties of the defendant and those of municipalities elsewhere, and I am not prepared now to deny that there is such an analogy, and that where a municipality elsewhere would be liable, the defendant here might also be liable.

No question like this has been decided in our courts. It should therefore be decided by construing our statutes in the light of foreign authorities.

Dillon on Municipal Corporations, Sec. 753, 3d Ed., 949, says: "A municipal corporation is not liable to an action of damages either for the non-exercise of, or for the manner in which in good faith it exercises, discretionary powers of a public or legislative character."

This summary of the law on this point has been upheld and established by numerous authorities in the highest courts of New York, Massachusetts, North Carolina, Alabama, Mississippi, Michigan, Ohio, Pennsylvania, Louisiana, Wisconsin and Illinois, as cited in note 3 to the section above quoted from, and is questioned in no authority that I have found.

If we apply this principle to the case at bar, I think it will lead us to its proper determination.

The only statutes which refer to the matter are Sections 191 and 192 of the Civil Code, which are as follows: "The Minister of the Interior shall have the general charge of the pipes or conduits of water to supply the town and harbor of Honolulu. He may, from time to time, regulate the rates of supply to ships, and to parties on shore, and establish all such rules as may be needful for the public interests."

Sec. 192: "The said Minister shall appoint some discreet and capable person to be Superintendent of Water Works, whose duty it shall be to keep the conduits or pipes for the conveyance of water in repair, collect all water rates from ships and persons in

Honolulu or its vicinity, and perform such other duties in connection therewith as the said Minister may prescribe."

These sections establish beyond controversy, I think, that the withholding or supplying of water for public or private uses, rests in the discretion of the Minister of the Interior, and for the exercise of that discretion, whether rightly or wrongly exercised, he is not, nor is the Government, responsible.

As matter of fact, many times in cities everywhere where water-works are established, a wise discretion leads to the temporary shutting off of the water supply in localities, and sometimes in large sections of cities. If, during such temporary withdrawal of the water, fires should unfortunately occur, without referring to the decisions, it would be unreasonable and disastrous and unbearable to hold the municipality liable for the losses which should occur.

If the Minister of the Interior or the superintendent appointed by him should act with gross negligence or corruption, in regard to furnishing the water supply, it would be malfeasance or nonfeasance in office for which they might be impeached or indicted, but there would be no remedy for the citizen in private damages.

A municipal corporation owning water-works which supply private consumers on the payment of water rent, it has been held, is not liable to the latter for negligently laying its mains too near the surface of the ground so that they are frozen, whereby the water is cut off.

See Dillon on Municipal Corporations 3d Ed., Sec. 954 : *Smith vs. Philadelphia,* 81 Penn. 38, reported in 22 American R. 73.

Frost does not occur in this country, but if for any cause, negligent or otherwise, the water is cut off, personal and private remedies cannot be obtained.

Many other analogous cases are found in the books, and have been cited by the learned counsel for the defendant.

The case of *Taintor vs. The City of Worcester,* 123 Mass. 311, is directly in point. The city cut off the water from the building of one who failed to pay his water rates, and also from a hydrant in a street near by, although the water might have been cut off from the building alone.

The building was destroyed by a fire which might have been

extinguished had there been water in the hydrant. Held that the owner of the building could not recover for the loss.

Many other authorities are cited in this case which sustain a kindred doctrine.

See also Dillon Id. Sec. (774), 976, 3d Ed. In *Hill vs. Boston*, 122 Mass. 344, all the cases on this point are exhaustively considered, both in England and America, and not one is cited which would sustain a recovery by the plaintiff in the case at bar.

In all instances where recoveries have been had for neglect or malfeasance of a public officer, the duties cast upon him have been ministerial; that is, "absolute, certain, and imperative;" no such duties devolved upon the defendant in this case, and so he is not liable, and the demurrer must be sustained.

JANUARY 24, 1884. BY THE FULL COURT:

We adopt the opinion of Austin, J., and confirm the decision appealed from.

*S. B. Dole*, for plaintiff.

*W. A. Whiting*, for defendant.